CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2008

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No.: 7:08cr00018 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DENNIS JAMES HURDLE, | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| Defendant. | ) | |

The defendant, Dennis James Hurdle, is charged in a federal indictment with conspiracy to distribute cocaine, cocaine base, and marijuana and with related offenses. This matter is before the court on Hurdle's motion to suppress evidence seized by local authorities pursuant to a search warrant issued by a state magistrate. Hurdle maintains that the affidavit supporting the search warrant fails to establish probable cause for the search and that the good faith exception to the exclusionary rule does not save the search. The court finds it unnecessary to decide whether the affidavit establishes probable cause because it concludes the search is subject to the good faith exception. Accordingly, the court denies Hurdle's motion.

I.

On March 6, 2008, Sergeant E.P. Charles of the Roanoke City, Virginia Police Department obtained a search warrant from a Roanoke, Virginia magistrate to search an apartment at 2803 Burton Street, N.W. Roanoke, Virginia and an individual living there, Dennis Miller, for cocaine, cocaine paraphernalia, evidence of cocaine possession or distribution, and personal effects showing ownership or occupancy of the premises. The affidavit asserted that the following constituted probable cause:

> Within the past 72 hours your affiant has been involved in a narcotics investigation along with members of the Drug Enforcement Agency in which a subject was arrested in Roanoke City and was found to be in possession of a large amount of cocaine. Your affiant and [Special Agent] High interviewed the subject hereafter referred to as CI [for "confidential informant"]. The CI made statements against his/her penal interest and advised that within the past 72 hours went to 2803 Burton St. N.W. and entered the only door on the west side of the residence and went up a flight of stairs to the first door on the right and met with a black male known as "D" Dennis Miller approximately 50 yoa, 6'3" and bald and purchased a large quantity of a white powder substance while inside the residence to be searched. "D" Dennis Miller advised the CI that the white powder substance was cocaine and that there was more inside the residence to be searched when the CI left. Your affiant and the CI went to the residence to be searched and verified the address to be searched and advised that he/she entered the only door on the west side of the residence to be searched.

With the search warrant in hand, officers conducted the search and retrieved cocaine and other evidence.

## II.

Hurdle argues that the affidavit supporting the search warrant is inadequate to show probable cause because it contains no information that would allow the magistrate to determine the reliability of the confidential informant. He argues that the affidavit is deficient because there is nothing to corroborate the confidential informant's "alleged statement against his penal interest," there was no testing of the alleged cocaine seized from the confidential informant supporting the assertion that it is in fact cocaine, and only the suspect's statement, not the confidential informant's observation, supports "the belief that cocaine may be found inside [the] residence." Under the circumstances, he argues, the affidavit not only fails to establish probable cause but is so bereft of indicia of probable cause as to make the officer's belief in its existence unreasonable and demonstrate that the magistrate "totally abandoned his judicial role." It

2

follows, he concludes, that the good faith exception of United States v. Leon, 486 U.S. 897 (1984), does not save the search. This court concludes that the question of probable cause is a close one, but only as it relates to the credibility of the informant, and a close question as to whether a warrant is based on probable cause is not grist for the exclusionary rule. Accordingly, the court denies Hurdle's motion to suppress.

In Illinois v. Gates, 462 U.S. 213 (1983), the Supreme Court abandoned the "two-pronged test" established by its decisions in Aguilar v. Texas, 378 U.S. 108 (1964), and Spinelli v. United States, 393 U.S. 410 (1969), and in its place "reaffirmed" the totality-of-the-circumstances analysis that "traditionally [had] informed probable-cause determinations." Gates, 462 U.S. at 238. In the Supreme Court's view, the two-pronged test which directed analysis into "two largely independent channels – the informant's 'veracity' or 'reliability' and his 'basis of knowledge'" had "[e]ncouraged an excessively technical dissection of informants' tips, with undue attention being focused on isolated issues that [could not] sensibly be divorced from the other facts presented to the magistrate." Id. at 233-235. It found the totality-of-the-circumstances approach more appropriate than "any rigid demand that specific 'tests' be satisfied by every informant's tip." Id. at 231. According to the Court, under the totality-of-the-circumstances test "probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules. Informants' tips doubtless come in many shapes and sizes from many different types of persons . . . [and] [r]igid legal rules are ill-suited to an area of such diversity." Id. at 232. The ultimate assessment, therefore, is simply an assessment of whether there is "a fair probability that contraband or evidence of a crime will be found in a particular place," Id. at 238, and the issuing magistrate, not the

reviewing court, makes that call. The Supreme Court has "repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review." Id. at 236. Rather, the issuing magistrate's decision is entitled to "great deference." Id. It follows that this court's role is "not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." Massachusetts v. Upton, 466 U.S. 727, 728 (1984). However, the court finds it unnecessary to decide whether the affidavit contains sufficient evidence to establish probable cause, because the court, for reasons that follow, holds that the search survives under the good faith exception to the exclusionary rule.

In United States v. Leon, 468 U.S. 897 (1984), the Supreme Court established the good faith exception to the exclusionary rule, holding that "the marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." Id. at 922. The court then identified four circumstances in which the good-faith exception would not apply: (1) "if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth;" (2) if "the issuing magistrate wholly abandoned his judicial role;" (3) if the affidavit supporting the warrant "is so lacking in indicia of probable cause as to render official belief in its existence unreasonable;" and (4) if under the circumstances the warrant is "so facially deficient . . . that the executing officers cannot reasonably presume it to be valid." Id. at 923. Hurdle argues that the circumstances identified in (2) and (3) are present here, thereby precluding application of the "good-faith" exception. The court disagrees.

4

Hurdle has presented nothing to suggest that the issuing magistrate "wholly abandoned his judicial role" so as to strip his decision of all deference. Indeed, the question of probable cause is a close one and adds no credence to Hurdle's argument. The informant claimed to have purchased from an occupant inside the residence within the past seventy-two hours a substance the occupant identified as cocaine. From this, two important facts emerge bearing on the informant's credibility and, as a consequence, on probable cause. First, the informant is not an anonymous tipster, but rather is a person known to the police. This is an important factor in determining the value and reliability of his information because a known informant, unlike an anonymous tipster, is accountable for providing false information to the police. See United States v. Christmas, 222 F.3d 141, 144 (4th Cir. 2000). Second, the informant's statements are ostensibly against the informant's penal interest, an important consideration in judging his credibility. United States v. Harris, 403 U.S. 573, 583-84 (1971) ("Admissions of crimes . . . carry their own indicia of credibility – sufficient at least to support a finding of probable cause to search."); United States v. Soriano, 361 F.3d 494, 505 (9th Cir. 2004) (informant's "statements amounted to admissions of criminal activity and could be deemed reliable on that basis."); United States v. Chafin, 622 F.2d 927 (6th Cir. 1980). Thus, the magistrate had before him facts he could have considered substantial and important in concluding that the supporting affidavit established the credibility of the informant. Accordingly, there is nothing to suggest that the issuing magistrate wholly abandoned his judicial role.

The court also rejects Hurdle's argument that the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence unreasonable. Although it is a different question than the first, here the circumstances supporting the court's

5

conclusion that the magistrate did not abandon his judicial role also support the conclusion that the warrant is not so lacking in indicia of probable cause as to render official belief in its existence unreasonable. In essence, the court finds that the close question of probable cause, dependent as it is on the credibility of the informant, supports the application of Leon's good faith exception to the exclusionary rule.

### III.

For the foregoing reasons the court will deny Hurdle's motion to suppress .

**ENTER:** This August 17th, 2008.

_____
UNITED STATES DISTRICT JUDGE

6

Case 7:08-cr-00018-SGW   Document 85   Filed 08/14/08   Page 6 of 6   Pageid#: 214