CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAR 26 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:08cr00018-2 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| DENNIS JAMES HURDLE | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Petitioner, Dennis James Hurdle, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion challenging his sentence for conspiring to distribute and possess with intent to distribute drugs and possessing a firearm in furtherance of a drug trafficking crime. Hurdle claims that his plea was not knowing and voluntary and raises three grounds of ineffective assistance of counsel, including counsel's failure to file an appeal upon Hurdle's request. This matter is before the court on respondent's motion to dismiss. On the existing record, the court is unable to resolve Hurdle's claim that counsel was ineffective in failing to file an appeal upon request and, therefore, refers the matter for an evidentiary hearing on the issue.

I.

Hurdle was indicted in this court and charged with conspiring to distribute and possess with intent to distribute: 5,000 grams of cocaine powder, 50 grams of cocaine base, and a measurable quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(D) ("Count One"); possessing with intent to distribute more than 500 grams of cocaine powder, in violation of 21 U.S.C. §§ 841(1)(1) and (b)(1)(B) ("Count Nine"); using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Ten"); and possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) ("Count Eleven"). Pursuant to a written plea agreement, Hurdle pled guilty

to Counts One and Ten and the United States moved to dismiss the remaining counts, which the court granted. The court ultimately sentence Hurdle to a total of 180 months incarceration, consisting of 120 months as to the conspiracy conviction and 60 months as to the firearm conviction, to be served consecutively. Hurdle did not appeal.

## II.

One of Hurdle's claims of ineffective assistance is that counsel failed to file an appeal upon Hurdle's request. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Hurdle's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. In light of Hurdle's allegation and his trial counsel's conflicting affidavit, the court refers this matter for an evidentiary hearing on the issue of whether Hurdle asked his trial counsel to file a direct appeal.

## III.

With regard to Hurdle's other claims, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 F. App'x. 300 (4th Cir. 2001), instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Hurdle's other claims, the court will not address respondent's

argument in its motion to dismiss regarding Hurdle's other claims at this time.

**IV.**

For the reasons stated herein, the court refers the matter to United States Magistrate Judge

Michael F. Urbanski for an evidentiary hearing on the issue of whether Hurdle asked his trial counsel

to file a direct appeal. The Magistrate Judge shall submit a report with a recommended disposition

of this case.

**ENTER:** This 26th day of March, 2010.

_____
United States District Judge