# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Action No. 7:08cr00018-2 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **DENNIS JAMES HURDLE** | ) | By: Michael F. Urbanski |
| | ) | United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Petitioner Dennis James Hurdle brings this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, alleging that his waiver of his right to appeal was not knowing and voluntary and that counsel provided ineffective assistance on several grounds including, in failing to file an appeal upon Hurdle's request. By order entered March 26, 2010, the court referred this matter to the undersigned and directed that an evidentiary hearing be held to determine whether Hurdle requested his attorney to file an appeal. An evidentiary hearing was conducted on October 8, 2010. Based on the evidence presented at the evidentiary hearing and a review of pertinent portions of the record, the undersigned concludes that Hurdle knowingly and voluntarily entered into the plea agreement and waived his right to appeal, that Hurdle has not demonstrated that he requested counsel file a notice of appeal or that counsel was ineffective in failing to do so, and that Hurdle's remaining ineffective assistance of counsel claims are waived by his plea agreement. Accordingly, the undersigned recommends that the United States' motion to dismiss be granted and Hurdle's § 2255 motion be dismissed.

## I.

On August 21, 2008, Hurdle pled guilty, pursuant to a written plea agreement, to conspiring to distribute more than 5,000 grams of cocaine powder, in violation of 21 U.S.C. § 846, and possessing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). In

the plea agreement, Hurdle waived his rights to appeal "any and all issues" and to collaterally attack the judgment and sentence imposed by the court. Hurdle also affirmed that he had no dissatisfaction or complaint with his attorney's representation at the time of the plea agreement and agreed to make known to the court, no later than at the time of sentencing any dissatisfaction or complaint he may have with his attorney's representation. In exchange for his guilty plea, the government agreed to move to dismiss the remaining two counts of the indictment pending against Hurdle[1], to recommend a sentence at the low end of the applicable guideline range, to recommend a three-level reduction to his total offense level for his acceptance of responsibility, and to give Hurdle the opportunity to earn a sentence reduction for substantial assistance. Hurdle initialed every page of the plea agreement and signed it at the end after indicating that he had read the plea agreement, reviewed every part of it with his attorney, understood the agreement, and was voluntarily agreeing to it.

At his plea hearing, Hurdle, among other things, affirmed under oath that: he was 51 years old; he was three credits shy of an Associates Degree[2]; he had never been treated for mental illness or drug abuse; he had received a copy of the indictment; he had discussed the charges and his case with his counsel; counsel had explained to him the elements of each offense; he was fully satisfied with counsel's representation; he had read the plea agreement before he signed it; he understood everything in the plea agreement; no one had made any other or different promise or assurance to him of any kind in an effort to induce him to enter a plea of guilty; no one had forced him to enter the plea; he understood that he was facing a possibility of life incarceration, a fine, restitution, and

---

[1] These two counts included a charge of possessing with the intent to distribute more than 500 grams of cocaine powder, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possessing a firearm as a convicted felon, in violation of 18 U.S.C. § § 922(g)(1) and 924(e).

[2] According to his presentence investigation report, Hurdle's college studies were concentrated in computer science.

a period of supervised release; he understood that the court would not be able to determine the appropriate guideline sentence range for his case until after the presentence report had been completed and he and the government had an opportunity to challenge the facts reported by the probation officer; he was waiving his right to appeal; he was waiving his right to collaterally attack his plea and sentence; he understood all of his rights on a plea of not guilty; and he understood that by pleading guilty he was waiving the rights associated with a plea of not guilty. Ultimately, Hurdle pled guilty and the court accepted his plea, finding that he was "fully competent and capable of entering an informed plea," and that his plea of guilty as to each count was both "knowing and voluntary." The court ultimately sentenced Hurdle to a total term of 180 months incarceration, consisting of 120 months (the bottom of the guideline range) as to the conspiracy conviction and 60 months (the statutory minimum term) as to the firearm conviction, to be served consecutively. Hurdle did not appeal.

Hurdle filed the instant § 2255 motion, claiming that he did not knowingly and voluntarily waive his right to appeal, and that counsel was ineffective in failing to: 1) file an appeal upon Hurdle's request, 2) litigate a Fourth Amendment claim "competently,"[3] and 3) raise a claim under United States v. Collins, 415 F.3d 304 (4th Cir. 2005)[4].

---

[3] Specifically, Hurdle argues that counsel was ineffective because he failed to demand that the cocaine powder seized from Hurdle's apartment in the course of a search warrant be independently tested to determine if it was in fact cocaine. The court notes, however, that the charge affected by this cocaine in Hurdle's apartment (the cocaine possession charge) was dismissed in accordance with the plea agreement.

[4] Collins stands for the proposition that in order for a defendant to be held responsible for a certain drug weight when part of a conspiracy, the jury must find that the specific defendant possessed, or could foresee, that weight of drugs. Id. at 314. However, the court notes that Collins is inapplicable to Hurdle's case because Hurdle pled guilty and admitted to the conduct that established the drug weight for which he would be held accountable.

**II.**

Hurdle alleges that his appeal waiver was not knowingly and voluntarily made. However, this claim contrasts sharply with the statements Hurdle made during his plea colloquy.[5] Further, given the facts and circumstances surrounding the case, the undersigned finds that Hurdle knowingly and intelligently decided to forgo his right to appeal. Accordingly, the undersigned recommends that Hurdle's claim be dismissed.

An appeal waiver is valid if it is "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citations omitted). To decide whether a defendant's waiver results from a knowing and intelligent decision, a court must examine "'the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)); United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005).

Pursuant to his plea agreement, Hurdle agreed to the following waiver:

Knowing that I have a right of direct appeal of my sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, I expressly waive the right to appeal my

---

[5] "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005), (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977); and citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74).

4

sentence on those grounds or on any ground. In addition, **I hereby waive my right of appeal as to any and all issues in this matter** and agree I will not file a notice of appeal. I am knowingly and voluntarily waiving any right to appeal.

(Emphasis added). Hurdle initialed at the bottom of the page in the plea agreement containing this waiver and signed the plea agreement indicating that he had read every part of it and understood it. Hurdle also affirmed during the plea colloquy that he had read the entire plea agreement, understood the terms of the plea agreement, and was voluntarily entering into the plea agreement. As previously noted, the court made findings on the record at the plea hearing that Hurdle was competent to plead and that he voluntarily and knowingly entered his plea. Nothing that has followed has dispelled that conclusion. Further, with Hurdle's college education and based on testimony he gave at the evidentiary hearing, the undersigned is convinced that despite his allegations to the contrary, Hurdle understood that by waiving his right to appeal "any and all issues," he was waiving his right to appeal **any and all issues,** including the court's denial of his motion to suppress. Accordingly, the undersigned finds that Hurdle's appeal waiver is valid and, thus, recommends that this claim be dismissed.

### III.

Hurdle claims that counsel provided ineffective assistance in failing to note an appeal upon Hurdle's request, the court finds that Hurdle has not demonstrated that he asked counsel to note an appeal and, thus, has not met his burden of demonstrating that counsel was ineffective. Therefore, the undersigned recommends dismissal of this claim.

To demonstrate ineffective assistance of counsel, a petitioner must first show deficient performance, that is, that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of

reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Atty. Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance must prove that he suffered prejudice as a result of his counsel's deficient performance, that is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. However, "[a]n attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id.

At the evidentiary hearing, Hurdle testified that upon learning of the court's denial of his suppression motion, he asked counsel, in person, to appeal the court's decision. Hurdle stated that counsel told him that he would appeal the decision but then their discussion turned to a plea agreement that the United States had offered. Hurdle conceded that he never raised the issue of appealing the suppression motion with counsel again at any time after discussing the plea agreement. Hurdle also testified that he did not understand that by waiving his right to appeal "any and all issues," he was waiving his right to appeal the denial of the suppression motion and stated that his counsel told him that he could still appeal the denial of the suppression motion even if he signed the plea agreement.

Hurdle's trial counsel testified that Hurdle never asked him to file an appeal regarding the suppression motion or any other issue and that he never told Hurdle that he could appeal the denial

6

of the motion to suppress even if he signed the plea agreement. Counsel also stated that if Hurdle had asked him to file an appeal, he would have advised against it given the benefits of the plea agreement, but he would have nevertheless filed the appeal. Based on the evidence presented at the evidentiary hearing and a review of all pertinent portions of the record, the court finds that counsel's testimony was more credible and, therefore, that the weight of the evidence supports the conclusion that Hurdle never asked him to note an appeal.

Because the court finds that Hurdle did not request counsel to file an appeal, the next issue the court must determine is whether trial counsel consulted with Hurdle regarding the advantages and disadvantages of filing an appeal. Flores-Ortega, 528 U.S. at 478; Witherspoon, 231 F.3d at 926. In this case, it does not appear that counsel consulted with Hurdle regarding the advantages and disadvantages of filing an appeal. Therefore, the court must further inquire whether counsel had the affirmative duty to consult. Flores-Ortega, 528 U.S. at 480. An affirmative duty to consult arises when either (1) any rational defendant would want to appeal (for example, where there is a non-frivolous ground for appeal), or (2) this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Id. Because Hurdle did not reasonably demonstrate to counsel that he was interested in appealing, the court must determine whether any rational defendant would want to appeal. The only issue which Hurdle now contends should have been raised on appeal is the denial of his suppression motion. Based on the waiver in his plea agreement, the only claims which Hurdle could raise on appeal, despite the waiver, were that the sentence was imposed in excess of the maximum penalty allowed or was based on the consideration of a constitutionally impermissible factor such as race. United States v. Lemaster, 403 F.3d 216, 218 n.2 (4th Cir. 2005) (citing United States v. Marin, 961 F.2d 493 (4th Cir. 1992)). As neither of these issues have been raised, the court finds that Hurdle had no non-frivolous grounds on which to base his appeal.

7

Moreover, in exchange for his guilty plea and waivers of his rights to appeal and collaterally attack, Hurdle received significant benefits for his bargain. Pursuant to the plea agreement, the Government agreed to dismiss two other counts of the indictment, Hurdle received a three-level reduction in his total offense level for his acceptance of responsibility, the Government agreed to recommend a sentence at the low end of the applicable guideline range, and the agreement left open the possibility that Hurdle could earn a motion for substantial assistance. Without those benefits, on the conspiracy conviction alone, Hurdle faced a statutory punishment of up to life incarceration plus a $4 million dollar fine; he likely would not have received the three-level reduction to his total offense level for his acceptance of responsibility, which would have increased his guideline range for the conspiracy conviction; and he risked convictions on the two other counts in the indictment, one of which may have resulted in an Armed Career Criminal enhancement. In light of Hurdle's waiver of his right to appeal "any and all issues," the absence of any non-frivolous grounds for appeal, and the significant benefit of Hurdle's plea bargain, the court finds that a rational defendant would not want to file an appeal in this case. Therefore, the undersigned finds that Hurdle has not demonstrated that counsel was ineffective concerning the noting of an appeal, and thus, recommends that the court dismiss this claim.

### IV.

Hurdle raises two other claims of ineffective assistance of counsel: that counsel was ineffective in failing to "competently" litigate a Fourth Amendment claim and that counsel was ineffective in failing to raise a <u>Collins</u> claim. However, Hurdle knowingly and voluntarily waived his right to collaterally attack his plea and sentence and Hurdle's remaining ineffective assistance claims fall within the scope of that waiver. Therefore, the undersigned recommends that those claims be dismissed.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver). The validity of a waiver "depends on whether the defendant knowingly and intelligently agreed to waive the right." Id. at 731-32. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the

9

defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal and § 2255 rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver. Attar, 38 F.3d at 732; Lemaster, 403 F.3d at 220 n.2; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Hurdle's guilty plea and waiver of collateral attack rights, the court must determine whether his claims fall within the scope of that waiver.

Here, the record fully establishes that Hurdle knowingly and intelligently entered a valid guilty plea and waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. Therefore, finding that the waiver is valid, the court must now determine whether Hurdle's claims are included within the scope of the waiver. Hurdle's claims that counsel was ineffective in failing to "competently" litigate a Fourth Amendment issue and raise a Collins claim are both within the scope of his waiver. Based on the undersigned's finding that Hurdle's § 2255 waiver is valid and that these claims fall within the scope of that waiver, the undersigned further finds that these claims of ineffective assistance of counsel are not cognizable claims in a § 2255 motion, and therefore, recommends that the court dismiss them.

**IV.**

The Clerk of Court is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, they are entitled to note any objections to thei

Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned no specifically objected to within the period prescribed by law may be conclusive on the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of Court is hereby directed to send a copy of this Report and Recommendation to plaintiff and counsel of record.

Entered: November 23, 2010.

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States Magistrate Judge