IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:08-CR-18-2 |
| | ) | |
| v. | ) | |
| | ) | |
| DENNIS JAMES HURDLE, | ) | By: Hon. Michael F. Urbanski |
|     Defendant | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Dennis James Hurdle, initially proceeding pro se but later represented by counsel, has filed four motions to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018. ECF Nos. 175, 184, 187, 189. He asks the court to reduce his current sentence of 180 months to 147 months, which would result in his immediate release. The government moved to dismiss Hurdle's petition, arguing that he was not entitled to a reduction of his sentence under the First Step Act. ECF No. 186.[1] For the reasons set forth below, the court will **DENY** Hurdle's request to modify his sentence under the First Step Act.

## BACKGROUND

On April 10, 2008, a superseding indictment was filed charging Hurdle with two counts of drug distribution and two firearm counts. In Count One he was charged with conspiring to possess with intent to distribute more than 5,000 grams of cocaine powder, more than 50 grams of cocaine base, and a measurable quantity of marijuana. ECF No. 38 at 1-2. In Count Nine he was charged with possessing with intent to distribute cocaine powder. Id. at 4. In

---

[1] The government's motion was filed before the Fourth Circuit issued its opinion in United States v. Gravatt, 953 F.3d 258 (4th Cir. 2020). However, because Hurdle is serving mandatory minimum statutory sentences, Gravatt does not change the outcome of his request for relief.

Count Ten he was charged with using a firearm during a drug trafficking crime and in Count Eleven he was charged with being a felon in possession of a firearm. Id. at 4-5.

On August 21, 2008, Hurdle entered into a plea agreement in which he pled guilty to Counts One and Ten. ECF No. 92 at 1. The description of Count One in the Plea Agreement is limited to the conspiracy to distribute more than 5,000 grams of cocaine powder. Id. at 2. The parties stipulated that for purposes of U.S.S.G. §§ 2D1.1, Hurdle would be held responsible for more than 15 kilograms but less than 50 kilograms of powder cocaine. Id. at 3. Hurdle pled guilty the same day. ECF Nos. 91, 93.

At the plea hearing, the court clarified that in Count One, Hurdle was charged with conspiracy to distribute cocaine powder, cocaine base, and marijuana, but it was alleged that Hurdle's part of the conspiracy involved the cocaine powder. Plea Hrg. Tr., ECF No. 132 at 7-8. He pled guilty to Counts One and Ten. Id. at 8. The judgment in Hurdle's case recites that on Count One he was convicted of conspiracy to possess with intent to distribute more than 50 grams of cocaine base and does not mention powder cocaine. ECF No. 111 at 1.

Hurdle faced a statutory minimum sentence of ten years and a maximum sentence of life on Count One and a statutory mandatory consecutive minimum sentence of 5 years and a maximum sentence of life on Count Ten. ECF No. 92 at 1; 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c). The Pre-Sentence Investigation Report (PSR) calculated his base offense level as 34 based on 21.18 kilograms of cocaine powder. He received a 3-point decrease for acceptance of responsibility, giving him a total offense level of 31. ECF No. 177 at 10. With his criminal history category of I, his guidelines sentencing range was 108 to 135 months, with the statutory

minimum sentence modifying the range to 120 to 135 months on the drug charge. Id. at 20; U.S.S.G. §5G1.1(c)(2). The court sentenced Hurdle to 180 months, consisting of 120 months on the drug charge and 60 consecutive months on the firearm charge, to be followed by concurrent five-year terms of supervised release on each count. Sent. Hr'g Tr., ECF No. 133 at 19; Jmt., ECF No. 111 at 1, 3. Hurdle has been in custody since March 6, 2008 and the Bureau of Prisons calculates his release date as January 11, 2021.

Hurdle seeks relief under the First Step Act. He argues that he is eligible for relief and that this court has discretion to reduce his sentence to time served. The government argues that because the plea agreement states that Hurdle was pleading guilty to only the powder cocaine, he is not eligible for relief under the First Step Act.

## ANALYSIS

**I. The First Step Act**

The First Step Act is a remedial statute "intended to correct earlier statutes' significant disparities in the treatment of cocaine base (also known as crack cocaine) as compared to powder cocaine." United States v. Wirsing, 943 F.3d 175, 176-177 (4th Cir. 2019). Prior to passage of the Fair Sentencing Act, a drug trafficker dealing in crack cocaine was subject to the same sentence as a trafficker dealing 100 times more powder cocaine. Kimbrough v. United States, 552 U.S. 85, 91 (2007). The sentencing scheme had a racially disparate impact that resulted in excessive and unwarranted punishments that disproportionately fell on defendants of color. Wirsing, 943 F.3d at 177-178 (internal citations omitted). The Fair

3

Sentencing Act reduced the crack-to-powder ratio to 18-to-1 and eliminated the mandatory minimum sentence for simple possession of crack. Id. at 178.

The Fair Sentencing Act did not apply retroactively to defendants who were sentenced before its passage on August 3, 2010, unless they could bring a motion under the narrow exception provided in 18 U.S.C. § 3582(c)(2). Id. at 178-179 (citing United States v. Black, 737 F.3d 280, 282, 286-287 (4th Cir. 2013)). After passage of the Fair Sentencing Act, the United States Sentencing Commission amended the guidelines to lower the base offense levels assigned to different amounts of cocaine base (Amendments 750 and 782) and provided that the amendments applied retroactively. Id. at 179 (citations omitted). The amendments allowed some defendants sentenced before August 3, 2010 to seek relief, not directly under the Fair Sentencing Act, but by means of a § 3582(c)(2) motion related to one of the amendments. Nevertheless, a reduction under § 3582(c)(2) only applied if the guidelines had the effect of lowering the defendant's applicable guideline range. Id. The amendments did not operate to lower the sentences for defendants convicted of very large quantities of crack, or those whose sentences were driven not by the quantity of drugs involved, but by their status as a career offender. Id.

The First Step Act allows defendants sentenced prior to August 3, 2010, and who were ineligible for relief under the guideline amendments, to seek a reduction in their sentences as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. First Step Act § 404(b), 132 Stat. at 5222. A "covered offense" is a "violation of a Federal criminal statute, the statutory penalties for which were modified by

4

section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Id. at § 404(a), 132 Stat. at 5222. Courts have discretion to lower or not lower a sentence even when a defendant is eligible for a sentence reduction. Id. at 404(c), 132 Stat. at 5222.

At the time Hurdle was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). Following passage of the First Step Act, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The government argues that although Hurdle was indicted for offenses involving cocaine powder, cocaine base, and marijuana, that he pled guilty only to possessing with intent to distribute 5,000 or more grams of powder cocaine, making him ineligible for a reduction in his sentence under the First Step Act. However, in light of the Fourth Circuit decision in Gravatt, the court finds that Hurdle is eligible for relief under the First Step Act. Nevertheless, as explained below, although Hurdle technically is eligible for relief, the court does not have authority to grant him the relief he seeks.

**A. Gravatt and Mixed-Object Counts**

In Gravatt, the Fourth Circuit held that when a defendant is charged conjunctively with conspiring to distribute both powder cocaine and crack cocaine, he is convicted of a "covered offense." Gravatt pled guilty to conspiracy to distribute 50 grams or more of cocaine base, but

5

also admitted guilt to conspiracy to distribute 5 kilograms or more of powder cocaine, making his statutory penalty range 10 years to life, independent of the penalty on the cocaine base offense. Gravatt, 953 F.3d at 261. He filed a motion to reduce his sentence under the First Step Act, but the district court denied relief because the crack cocaine aspect of the dual-object conspiracy ultimately had no effect on his statutory penalty range as he faced the same penalty range on the powder cocaine as he did on the cocaine base. Id.

The Fourth Circuit reversed and remanded, finding that Gravatt was convicted of a "covered offense" under Section 404(a) of the First Step Act, even though the conviction was part of a multi-object conspiracy, with the penalties of one object (possession of crack cocaine) modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine), were not. Id. at 264. The court clarified that it was not expressing an opinion on how the district court should rule on remand and was not suggesting how the factors considered by the district court in its eligibility analysis should be considered on remand. The court's holding was limited to its finding that Gravatt's motion should have been reviewed on the merits, rather than denied because he was not convicted of a "covered offense" under Section 404(a) of the First Step Act. Id.

Hurdle was charged with conspiracy to distribute and possess with intent to distribute more than 5,000 grams of powder cocaine, 50 grams of cocaine base, both in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). In the Plea Agreement and at the plea hearing he pled guilty to conspiring to distribute more than 5,000 grams of powder cocaine and did not enter a plea to the cocaine

6

base or marijuana. Plea Agreement, ECF No. 92 at 1; Plea Hrg. Tr., ECF No. 132 at 7-8. Although there was a discussion at the hearing about his pleading only to the powder cocaine, at the end of the plea colloquy he pled guilty to Counts One and Ten as they were presented in the indictment. Id. at 13-14, 16-17. The judgment in his case states that he was convicted in Count One of conspiracy to possess with intent to distribute more than 50 grams of cocaine base. Jmt., ECF No. 111 at 1. Because he was indicted and convicted of a mixed-object conspiracy, the holding in Gravatt makes clear that Hurdle was convicted of a "covered offense" under Section 404(a) of the First Step Act and is eligible for First Step Act relief.

### B. Available Relief

Having found that Hurdle is eligible for relief, the court must now consider what relief, if any, should be granted. If Hurdle were convicted and sentenced today, following passage of the First Step Act, the cocaine base offense involving 50 grams of cocaine base would have a statutory sentencing range of 5 to 40 years rather than ten years to life. However, the statutory sentencing range based on the powder cocaine remains the same, and his guidelines range remains 120-135 months because of the statutory mandatory minimum sentence. 28 U.S.C. § 841(a)(1)(A).

Because the 120-month mandatory minimum sentence on the powder cocaine charge and the mandatory consecutive sentence on the firearm are unchanged, the court cannot modify Hurdle's sentence. See Gravatt, 953 at 264 n.5 ("Of course, statutory mandatory minimum terms remain in effect for certain drug offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion

7

cannot avoid those statutory requirements."); United States v. Applewhite, No. 4:08-CR-58-FL-1, 2020 WL 2575564, at *2 (E.D.N.C. May 21, 2020) (finding that although petitioner was technically eligible for relief under the First Step Act, the court could not sentence him below the statutory mandatory minimum for the quantity of powder cocaine on which he was convicted, which remained unchanged even after passage of the Fair Sentencing Act); and United States v. Manning, No. 7:04CR00117, 2020 WL 2949786 (W.D. Va. June 03, 2020) (finding that petitioner's period of supervised release could not be reduced under the First Step Act because he remained subject to a five-year mandatory minimum period based on his powder cocaine conviction). Neither the Fair Sentencing Act nor the First Step Act changed the statutory mandatory minimum sentence applicable in Hurdle's case. Thus, the court is without authority to grant him the relief he seeks.

### C. Compassionate Release

On April 15, 2020, Hurdle filed a pro se addendum to his request for relief under the First Step Act. ECF No. 187. In the addendum, he states "[a]s the court is aware, defendant's health and safety [are] at risk based on the spread and opportunity to contract COVID-19." To the extent Hurdle makes a claim for compassionate release due to the COVID-19 pandemic pursuant to 18 U.S.C. § 3582(c)(1)(A), he has not exhausted his administrative remedies as required under the statute before the court can consider such a request. Accordingly, any request for compassionate release is **DENIED** without prejudice.

8

## **CONCLUSION**

Based on the foregoing, the court **DENIES** Hurdle's motions for relief under the First Step Act. ECF Nos. 175, 184, 187, 189. To the extent ECF No. 187 can be construed as a motion for compassionate release, it is **DENIED** without prejudice for failure to exhaust administrative remedies.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: July 29, 2020

Mike Urbanski
cn=Mike Urbanski, o=US Courts,
ou=Western District of Virginia,
email=mikeu@vawd.uscourts.gov, c=US
2020.07.29 16:55:54 -04'00'

Michael F. Urbanski
Chief United States District Judge